(Judge Walters of the Fourth Circuit sitting in place of Judge Wilson.)

CLEVELAND, C. C. & ST. L. RY. v. CARRIE L. SIVEY.

1. REQUIRING JURY TO BE "SATISFIED" ON ANY QUESTION IS ERRONEOUS.

A charge to the jury in a civil action which requires the jury to be "satisfied" upon any question in issue, is erroneous.

2. FAILURE TO REPAIR GONG AT PUBLIC CROSSING NOT NEGLIGENCE, WHEN.

Where the placing of a gong at a public crossing to warn travelers of the approach of trains, was not required by statute, or an order of the railway commissioner, a positive charge to the jury, in an action against the company, that the failure of the company to keep in repair the gong which it had placed at the crossing was negligence, is erroneous. It was proper only to consider the condition of the gong with reference to the company's duty to exercise ordinary care under all the circumstances.

3. CHARGE INFERRING THAT COUNTRY HIGHWAY WAS A STREET IS ERRONEOUS.

Where the evidence indisputably shows that the crossing where the accident, which is the basis of an action for negligence against a railroad company, happened, is located outside of a municipal corporation, a charge to the jury which implies that the highway was a city street, and not a country road, and thereby not governed by the same rules of law as the latter, is erroneous.

4. INTERVENING OBJECTS BREAKING SOUND, ETC., PROPER SUBJECTS OF INQUIRY IN DETERMINING WHETHER TRAVELER WAS NEGLIGENT IN APPROACHING CROSSING, ETC.

The difficulty of hearing a train approaching a public crossing by reason of intervening objects calculated to break the sound, and the noise of decedent's wagon on the paved street, are proper subjects to be considered by the jury as bearing upon the question whether or not decedent, in the exercise of ordinary care, should have stopped to listen.

5. ORDINARY CARE MUST BE EXERCISED BY TRAVELER ALTHOUGH RAILROAD COMPANY NEGLIGENT AT CROSSING.

The failure of a railroad company to keep a gong at a public crossing in repair so as to give warning of approaching trains, does not of itself, in all cases, relieve the traveler from exercising ordinary care at the crossing.

6. INSTRUCTING JURY THAT SPECIAL FINDINGS MUST BE CONSISTENT WITH GENERAL VERDICT, ETC., ERRONEOUS.

An instruction warning the jury that its special findings of fact must be consistent with the general verdict, or the latter would be set aside, is improper.

ERROR to Franklin common pleas court.

J. F. Wilson, for plaintiff in error:

Weight of the evidence, upon question of negligence. *Lake Shore & M. S. Ry.* v. *Yokers,* 5 Circ. Dec. 599 (12 R. 499); Abbott, Trial Ev. (2 ed.) 736; *Cleveland Provision Co.* v. *Limmermaier,* 4 Circ. Dec.

Railway v. Sivey.

240 (8 R. 701); *Columbia & P. S. Ry.* v. *Hawthorne*, 144 U. S. 202 [12 Sup. Ct. Rep. 591; 36 L. Ed. 405]; *New York, C. & St. L. Ry.* v. *Kistler*, 66 Ohio St. 326 [64 N. E. Rep. 130]; *Erben* v. *Lorrillard*, 19 N. Y. 299; *Henkle* v. *McClure*, 32 Ohio St. 202; *Lake Shore & M. S. Ry.* v. *Gaffney*, 6 Circ. Dec. 94 (9 R. 32).

To preclude a right to recover, direct testimony of failure to look or listen was not necessary. The circumstances were conclusive of decedent's negligence. *Balt. & O. Ry.* v. *McClellan*, 69 Ohio St. 142 [68 N. E. Rep. 816]; *New York, C. & St. L. Ry.* v. *Kistler*, 66 Ohio St. 326 [64 N. E. Rep. 130]; *Pennsylvania Co.* v. *Rathgeb*, 32 Ohio St. 66; *Clev. C. C. & Ind. Ry.* v. *Elliott*, 28 Ohio St. 340; *Bellefontaine Ry.* v. *Snyder*, 24 Ohio St. 670; *Norfolk & W. Ry.* v. *Tea Co.* 26 O. C. C. 547; *Lake Shore & M. S. Ry.* v. *Reynolds*, 13-23 O. C. C. 199; *P. C. & St. L. Ry.* v. *Peters*, 1 Circ. Dec. 20 (1 R. 34); *Barr* v. *Chapman*, 11 Dec. Re. 862 (30 Bull. 264); *Fenger* v. *Fenger*, 8 Dec. Re. 407 (7 Bull. 304); *Conkling* v. *Railway*, 63 N. J. Law 338 [43 Atl. Rep. 666]; *Pennsylvania Ry.* v. *Righter*, 42 N. J. Law (13 Vroom) 180; *Runyon* v. *Railway*, 25 N. J. Law (1 Dutch.) 556; *Gorton* v. *Railway*, 45 N. Y. 660; *McCall* v. *Railway*, 54 N. Y. 642; 4 Am. & Eng. Enc. Law (1 ed.) 74; 3 Elliott, Railroads 1171; *Brinker* v. *Railway*, 121 Mich. 283 [80 N. W. Rep. 28]; *Bellefontaine Ry.* v. *Hunter*, 33 Ind. 335 [5 Am. Rep. 201]; *New York, C. & St. L.* v. *Swartout*, 6 Circ. Dec. 768 (14 R. 582); *Cadwallader* v. *Railway*, 128 Ind. 518 [27 N. E. Rep. 161]; *Chicago, R. I. & Pac. Ry.* v. *Houston*, 95 U. S. 697 [24 L. Ed. 542]; *Schofield* v. *Railway*, 114 U. S. 615 [5 Sup. Ct. Rep. 1125; 29 L. Ed. 224]; *Railway* v. *Schneider*, 45 Ohio St. 678 [17 N. E. Rep. 321]; 1 Thomas, Negligence 751; *Tully* v. *Railway*, 134 Mass. 499; *Machader* v. *Williams*, 54 Ohio St. 344 [43 N. E. Rep. 324]; *Lake Shore & M. S. Ry.* v. *Gaffney*, 6 Circ. Dec. 94 (9 R. 32); 2 Thomas, Negligence 1095; *Huff* v. *Austin*, 46 Ohio St. 386 [21 N. E. Rep. 864; 15 Am. St. Rep. 613]; *Cleveland City Ry.* v. *Osborn*, 66 Ohio St. 45 [63 N. E. Rep. 604].

Charges given for plaintiff before argument. *P. C. & St. L. Ry.* v. *Peters*, 1 Circ. Dec. 20 (1 R. 34); *Chicago, R. I. & Pac. Ry.* v. *Houston*, 95 U. S. 697 [24 L. Ed. 542]; *McCully* v. *Clarke*, 40 Pa. St. 399 [80 Am. Dec. 584].

Refusals to charge. *Clev. C. C. & Ind. Ry.* v. *Elliott*, 28 Ohio St. 340; *New York, C. & St. L. Ry.* v. *Swartout*, 6 Circ. Dec. 768 (14 R. 582); *Lake Shore & M. S. Ry.* v. *Reynolds*, 13-23 O. C. C. 199; *New York, C. & St. L. Ry.* v. *Kistler*, 66 Ohio St. 326 [64 N. E. Rep. 130]; *Pennsylvania Co.* v. *Morel*, 40 Ohio St. 338; *Chicago, R. I. & Pac. Ry.* v. *Houston*, 95 U. S. 697 [24 L. Ed. 542]; *Ernst* v. *Railway*, 39 N. Y. 61 [100 Am. Dec. 405], which is approved in *New York, C. & St. L. Ry.* v.

### Franklin County.

*Swartout,* 6 Circ. Dec. 768 (14 R. 585); *Wheeling & L. E. Ry.* v. *Suhrwiar,* 12 Circ. Dec. 809 (22 R. 560); *Grand Trunk Ry.* v. *Ives,* 144 U. S. 408 [12 Sup. Ct. Rep: 679; 36 L. Ed. 485]; *Wolf* v. *Railway,* 55 Ohio St. 517 [45 N. E. Rep. 708; 36 L. R. A. 812]; *Helman* v. *Railway,* 58 Ohio St. 400 [50 N. E. Rep. 986; 41 L. R. A. 860]; *Schweinfurth* v. *Railway,* 60 Ohio St. 215 [54 N. E. Rep. 89]; *Lake Shore & M. S. Ry.* v. *Reynolds,* 11 Circ. Dec. 701 (21 R. 402); *Monroeville (Vil.)* v. *Root,* 54 Ohio St. 523 [44 N. E. Rep. 237].

Exceptions to general charge. *Russell* v. *Russell,* 3 Circ. Dec. 460 (6 R. 294); *Davis* v. *Guarnieri,* 45 Ohio St. 470 [15 N. E. Rep. 350; 4 Am. St. Rep. 548]; *Mears* v. *Mears,* 15 Ohio St. 90; *Banning* v. *Banning,* 12 Ohio St. 437; *Behrens* v. *Behrens,* 47 Ohio St. 323 [25 N. E. Rep. 209; 21 Am. St. Rep. 820]; *Kelch* v. *State,* 55 Ohio St. 146 [45 N. E. Rep. 6; 39 L. R. A. 737; 60 Am. St. Rep. 680]; *Effinger* v. *State,* 6 Circ. Dec. 417 (9 R. 376); *Jungnitsch* v. *Iron Co.* 105 Mich. 270 [63 N. W. Rep. 296]; *Clev. C. & C. Ry.* v. *Bartrom,* 11 Ohio St. 457.

Refusals to submit to jury, questions propounded by defendant. *New York, C. & St. L. Ry.* v. *Kistler,* 9 Circ. Dec. 277 (16 R. 316).

Excessive verdict. *Cincinnati St. Ry.* v. *Altemeier,* 60 Ohio St. 10 [53 N. E. Rep. 300].

**G. H. Stewart,** for defendant in error.

**DUSTIN, J.**

This court regards the doctrine of *Russell* v. *Russell,* 3 Circ. Dec. 460 (6 R. 294), later affirmed by the Supreme Court, as sound, and hence has been accustomed to hold, whenever the point has been raised, that a charge in a civil case requiring the jury to be "satisfied" upon any question, is error. We think therefore that the court in this case erred in its charge where it says:

"To establish this, (meaning contributory negligence), the burden is upon the defendant, and if the defendant has not satisfied you that the deceased himself was guilty of contributory negligence, you must resolve this claim in favor of the plaintiff."

See also, *Kelch* v. *State,* 55 Ohio St. 146, 152, 153 [45 N. E. Rep. 6; 39 L. R. A. 737; 60 Am. St. Rep. 680].

Again we think there was error in giving special charge 3, requested by plaintiff below, which reads:

"If you find from the evidence that the defendant established and erected an electric gong at this crossing, I charge you that it was the duty of the defendant to keep the same in repair and a failure to do so, whereby said gong did not sound when the train which caused the death

of Albert Sivey approached and ran over the railroad crossing, is negligence, etc.''

The placing of the gong at that crossing was a voluntary matter upon the part of the railroad company. It was not required by any statute, or the railway commissioner, of Ohio to put it there, or to keep it in repair. Hence the above positive instruction that a failure to keep same repaired amounted to negligence, was wrong. It was proper only to consider the condition of the gong with reference to the company's duty to exercise ordinary care under all the circumstances.

Special instruction 8 given at request of plaintiff below, viz.:

''It is admitted in the case that Eleventh avenue up to defendant's right of way was, at the time of the killing of Albert Sivey, a duly dedicated, appropriated, improved and traveled street of the city of Columbus and I charge you that the fact, if you find it to be a fact, that the vicinity of said avenue is sparsely inhabited did not warrant or authorize the defendant to run its trains across said crossing as it might over a country road crossing, but that the speed of its trains must be that of reasonable safety having regard to the nature, situation and use of said crossing.''

This implies, if it does not declare, that the highway at the crossing was a city street and not a country road, and not governed by the same rules of law as the latter; whereas the evidence indisputably shows that the crossing in question was and is outside of the city limits; and is, in law, a country road, although called an avenue.

There was also error, we think, in refusing to give charge No. 16 before argument as requested by defendant below, viz.:

''If you should find from the evidence that the obstructions at and about the crossing and the noises of the moving conveyance in which the decedent was riding were such that the decedent could not without stopping, hear the approach of a train from the north; and that the decedent knew, or in the exercise of ordinary care on his part ought to have known, that such were the conditions; and you further find that if he had stopped and listened first before driving onto the railway track, he would have heard the train which struck him and avoided the collision; and if you also find that the decedent did not so stop and listen, but drove onto the track without taking this precaution, and was killed, then the decedent was guilty of contributory negligence, and the plaintiff cannot recover in this action, but your verdict should be for the defendant.''

The difficulty of hearing a train, by reason of intervening objects calculated to break the sound, and the noise of decedent's wagon on

the paved street made it proper we think, to submit to the jury the question whether or not Sivey in the exercise of ordinary care should have stopped to listen. *Wheeling & L. E. Ry.* v. *Suhrwiar*, 12 Circ. Dec. 809 (22 R. 560).

Even upon the theory of plaintiff below that it is the duty of the railway company to keep the gong in order nevertheless the traveler may in view of other noises be bound, in the exercise or ordinary care, to stop and listen for the ringing of the gong.

Again in the general charge of the court at the bottom of page 334 we find this language:

"Would a person of ordinary care be led or induced to injury by reason of the location of this bell, and by reason of the fact that it did not ring, and relying upon the fact that it would ring in case a train was coming?"

This assumed, as proven or admitted, the fact that the bell did not ring; whereas that was a question in dispute.

On page 355 in the general charge we observe this language:

"If you should find that  *  *  *  said company had failed to adopt sufficient safe guards or warnings to prevent an accident to the person using ordinary care, etc."

This would impose upon the company a duty much in excess of ordinary care, viz.: an absolute assurance against accident.

We think also the instruction warning the jury that its special findings must be consistent with its general verdict or the latter would be set aside, was vicious if not erroneous. "The true finding of the issues submitted to them should not be disturbed or qualified by such a consideration;" just as it is wrong to instruct a jury that a verdict for a certain amount is necessary to carry costs. *Clev. C. & C. Ry.* v. *Bartram*, 11 Ohio St. 457.

The foregoing errors we think were prejudicial and by reason thereof the judgment of the common pleas court should be reversed, and a new trial granted.

The remaining assignments of error we think are not well taken.

**Wilson** and **Sullivan, JJ.**, concur.